# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Natiya Lee Plummer,                                    Civil No. 06-2808 (DWF)
                                              Criminal No. 05-184(1) (DWF/JSM)

               Petitioner-Defendant,

v.                                                           **MEMORANDUM**
                                                     **OPINION AND ORDER**

United States of America,

               Respondent-Plaintiff.

---

Natiya Lee Plummer, *Pro Se*, Petitioner-Defendant.

Michael W. McDonald, Esq., McDonald & Kerr, counsel for Petitioner-Defendant.

Andrew S. Dune, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent-Plaintiff.

---

## INTRODUCTION

This matter is before the undersigned United States District Judge on Petitioner-Defendant Natiya Lee Plummer's ("Petitioner-Defendant") Motion to Vacate, Set Aside, or Correct his Sentence, pursuant to 28 U.S.C. § 2255. Petitioner-Defendant asserts that he received ineffective assistance of counsel based upon his trial attorney's failure to file a notice of appeal from the Court's imposition of sentence on December 8, 2005. The Government opposes Petitioner-Defendant's motion.

**BACKGROUND**

On July 29, 2005, Petitioner-Defendant appeared before the Court and entered a guilty plea to Count 1 of a one-count indictment, alleging unlawful possession with intent to distribute approximately one kilogram of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The Plea Agreement calculated Petitioner-Defendant's sentencing guideline range, based upon an offense level of 25 and a Criminal History Category I, to be 46 to 57 months. However, the parties also acknowledged in the Plea Agreement that Petitioner-Defendant would be subject to a five-year statutory mandatory minimum term of imprisonment set forth in 21 U.S.C. § 841(b)(1)(B), unless he was deemed eligible for the "safety-valve" provisions set forth in U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7).

At the sentencing hearing on December 8, 2005, the primary issue before the Court was whether Petitioner-Defendant was eligible for a two-level reduction pursuant to the "safety-valve" provisions noted above. This Court concluded that Petitioner-Defendant was ineligible for the "safety-valve" reduction for two reasons: (1) he possessed a "dangerous weapon" (a knife and pellet gun), under 18 U.S.C. §§ 3553(f)(2) and U.S.S.G. §§ 5C1.2(2), in connection with the underlying drug offense; and (2) he failed to provide truthful information to the Government at or before the time of sentencing "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan" as required under 18 U.S.C. §§ 3553(f)(5) and U.S.S.G. §§ 5C1.2(5). The sentencing transcript of December 8, 2005, speaks for itself. The Court then sentenced

Petitioner-Defendant to a term of 60 months imprisonment, to be followed by a 4-year

term of Supervised Release.  This *pro se* § 2255 motion followed.

## DISCUSSION

Petitioner-Defendant alleges that his trial counsel, Michael W. McDonald, was

ineffective for failure to file a notice of appeal from the Court's sentence on December 8,

2005.  Mr. McDonald submitted an affidavit dated September 13, 2006, in which he

expressly denies the allegations made by the Petitioner-Defendant.  Specifically, he states

in paragraphs six and seven of his affidavit:

> 6.      During the sentencing, the District Court advised Mr. Plummer
> of his appellate rights on the record.  Judge Frank advised Mr. Plummer that
> he had ten days from the date of the sentencing to file a notice of appeal.
> Judge Frank also requested me to review Mr. Plummer's appellate rights with
> him following the sentencing.
>
> 7.      Following the sentencing, I followed the Court's request and
> advised Mr. Plummer of his appellate rights.  I also advised Mr. Plummer to
> contact me within the ten day filing period if he wanted me to file a notice of
> appeal on his behalf.  Mr. Plummer never requested that I file a notice of
> appeal on his behalf.

The record does not support Petitioner-Defendant's assertion.  None of the

assertions raised by Petitioner-Defendant rise to the level of an error under the first prong

of the *Strickland* test.  *See* Strickland *v. Washington*, 466 U.S. 668 (1984).

In order to establish ineffective assistance of counsel, a defendant needs to prove:

(1) his "counsel's representation fell below an objective standard of reasonableness"; and

(2) "but for counsel's unprofessional errors, the result of the proceeding would have been

different."  Moreover, in a § 2255 proceeding, an inquiry into prejudice or likely success

3

on appeal is not required when "an attorney's failure to file a notice of appeal after being

instructed to do so by his client" constitutes the alleged ineffective assistance.  *Holloway*

*v. United States*, 960 F.2d 1348, 1356-57 (8th Cir. 1992); *see also Roe v. Flores-Ortega*,

528 U.S. 470, 477 (2000).  For this claim to succeed, Petitioner-Defendant must clearly

establish that he instructed counsel to file an appeal.  *Id.*  The affidavit of trial counsel

unequivocally denies the allegations made by Petitioner-Defendant.  Based upon the record

before the Court and the context of trial counsel's affidavit, there is no reason for this

Court to explore any further any credibility issues with respect to this issue.  Consequently,

no evidentiary hearing is needed.

      This was a clear-cut case where regardless of the burden of proof applied,

Petitioner-Defendant was clearly ineligible for "safety-valve" consideration for two

entirely different reasons, as noted above.  First, the Court found that it was not clearly

improbable that the knife, because of its location, lying next to the drug packaging

materials, cocaine residue, and electronic scale, was in any way connected to the drugs that

were present.  The Court made the same finding with respect to the replica 38 caliber gun

that was located under a cushion of the couch, along with a shopping bag containing

$17,000 in U.S. currency.  *See* U.S.S.G. § 2D1.1 Application Note 3.  After all, at the time

of his arrest, Petitioner-Defendant admitted to the ownership of the money seized from the

apartment and admitted that the money was the result of drug proceeds.  On this basis alone,

Petitioner-Defendant was ineligible for the "safety-valve."

With respect to what is commonly referred to as the "safety-valve" proffer, Petitioner-Defendant was given not only one opportunity to make a "safety-valve" proffer, but two.  The Court concluded, at the time of sentencing, as did the Government, that Petitioner-Defendant had been untruthful as to the full extent of his knowledge and involvement in the drug conspiracy and the involvement of his brother.  Even utilizing a liberal approach to granting the "safety-valve" to defendants as the Court applied here, as did the Government, the Court found Petitioner-Defendant did not provide a truthful and accurate proffer when viewed in the context of the entire case, notwithstanding the use of a very low threshold.

Thus, for two entirely separate reasons, the Court declined to find Petitioner-Defendant "safety-valve" eligible.  To the extent relevant, this Court has been involved in many "safety-valve" eligibility issues and, on a scale of one to ten–one being eligible for the "safety-valve," and ten being ineligible for the "safety-valve"–Petitioner-Defendant's case was somewhere between a nine and a nine and one-half.  Again, the record in this case, including the December 5, 2005, letter submitted under seal by the United States, which the Court adopted as its own impressions on Petitioner-Defendant's eligibility for the "safety valve," contradicts the assertion of Petitioner-Defendant that his trial counsel was ineffective for not filing a notice of appeal.  The record would establish and suggest that the reason Petitioner-Defendant did not request his trial counsel to file a notice of appeal, as trial counsel's affidavit establishes, is that there was no merit whatsoever to such an

assertion given the facts of the case.  Petitioner-Defendant received effective assistance of counsel, not ineffective assistance of counsel.

The Court also concludes that an evidentiary hearing is not required in this matter.  A 28 U.S.C. § 2255 petition can be dismissed without a hearing if:  (1) Petitioner's allegations, if accepted as true, would not entitle petitioner to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact.  *Delgado v. United States*, 162 F.3d 981 (8th Cir. 1998).  Applying that standard to the allegations of Petitioner-Defendant and the record before the Court, the Court concludes that no evidentiary hearing is required in this case.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the sentence and record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1.     Petitioner-Defendant Natiya Lee Plummer's Motion to Vacate, Set Aside, or Correct Sentence (Civil No. 06-2808 (DWF), Doc. No. 1; Criminal No. 05-184(1) (DWF/JSM), Doc. No. 40) is respectfully **DENIED**.

2.     To the extent that the pleadings of Petitioner-Defendant Natiya Lee Plummer can be construed as a motion or a request for an evidentiary hearing, that motion is **DENIED**.

6

     3.      Petitioner-Defendant Natiya Lee Plummer's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE**.

Dated:  October 4, 2006          <u>s/Donovan W. Frank</u>
                                        DONOVAN W. FRANK
                                        Judge of United States District Court